T.C. Memo. 2005-26

UNITED STATES TAX COURT

BILLY HYLER AND BONITA M. HYLER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10839-04.          Filed February 16, 2005.

Billy and Bonita M. Hyler, pro sese.

<u>James A. Kutten</u> and <u>Melinda Williams</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with

_____

[1] All section references are to the Internal Revenue Code,
as amended.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion For Summary Judgment, filed pursuant to Rule 121.  As explained in detail below, we shall grant respondent's motion.

## Background

In February 2001, petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for the taxable year 2000 on which they reported wages of $51,804, total tax of $5,121, and tax withholding of $5,346.  Petitioners' tax return included two Forms 2439, Notice to Shareholder of Undistributed Long-Term Capital Gains.  The Forms 2439 stated that petitioners were shareholders of a regulated investment company (RIC) or real estate investment trust (REIT).[2]  The Forms 2439 identified the investment entity as "Black Investment, Tax Dept. of Treasury" and listed the amount of tax paid by the entity on petitioners'

---

[2]  Sec. 852(b)(1) and (3)(A) provides that tax will be imposed on the taxable income and capital gains of a regulated investment company (RIC).  Sec. 852(b)(3)(D)(i) provides that a RIC's shareholder "shall include, in computing his long-term capital gains in his return * * * such amount as the * * * [RIC] shall designate".  Sec. 852(b)(3)(D)(ii) provides that such shareholder "shall be deemed to have paid * * * the tax imposed" under sec. 852(b)(3)(A), and the shareholder shall be allowed a "credit or refund, as the case may be, for the tax so deemed to have been paid by him."

behalf as $92,636. Petitioners entered $92,636 on Form 1040, line 64 ("Other payments") and claimed a refund on a total overpayment of $92,861.

Petitioners each signed the tax return. The tax return was not signed by a tax return preparer. Respondent processed the tax return and issued to petitioners a refund check in the amount of $93,071.

On March 24, 2004, respondent issued a notice of deficiency to petitioners for the taxable year 2000. In the notice, respondent determined a deficiency in petitioners' income tax in the amount of $92,636, asserting:

> The claim you filed on Form 2439 includes a credit that you assert is owed to you as a reparation or tax rebate based on the impact of slavery. Since there is no law allowing this type of payment, we cannot honor this type of credit. Accordingly, your income tax liability has been increased based on the credit recapture. Due to the allowance of the credit, you will need to return the portion of your refund based on the disallowed amount.

Petitioners filed a timely petition challenging the notice of deficiency.[3] In the petition, petitioners contend that respondent should attempt to collect the amount in dispute from their tax return preparer "if he was behaving fraudulently" in this matter. Petitioners also allege that the period of

---

[3] At the time the petition was filed, petitioners resided in Columbia, Missouri.

limitations on assessments had expired before respondent issued the notice of deficiency.

Respondent filed an answer to the petition.  Respondent's answer included affirmative allegations in response to petitioners' argument that the period of limitations had expired before respondent issued the notice of deficiency.

As indicated, respondent filed a Motion for Summary Judgment.  Relying on Wilkins v. Commissioner, 120 T.C. 109 (2003), and other cases, respondent contends that the Internal Revenue Code does not allow a credit (or any other deduction or allowance) for slavery reparations.  In addition, citing section 6501(a) and (b)(1), respondent contends that petitioners' tax return for 2000 was deemed filed on April 15, 2001, and, therefore, that the March 24, 2004 notice of deficiency was issued to petitioners within the applicable 3-year period of limitations.  In the absence of any dispute as to a material fact, respondent maintains that he is entitled to judgment as a matter of law.

By Order dated November 24, 2004, the Court directed petitioners to file a written response to respondent's motion. Petitioners did not respond to the Court's Order.

This matter was called for hearing at the Court's motions session in Washington, D.C.  Counsel for respondent appeared at the hearing and offered argument in support of respondent's

motion.  There was no appearance by or on behalf of petitioners at the hearing, nor did petitioners file with the Court a written statement pursuant to Rule 50(c).

### Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See <u>Florida Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  See <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

The record reflects that there is no dispute as to any material fact and that summary judgment may be rendered in respondent's favor as a matter of law.

The facts in this case are indistinguishable from the facts presented in Wilkins v. Commissioner, supra.  Like petitioners, the taxpayers in Wilkins v. Commissioner, supra, claimed tax credits on Form 2439 for slavery reparations.  We held that the Internal Revenue Code "does not provide a tax deduction, credit, or other allowance for slavery reparations", and granted the Commissioner's motion for summary judgment.  Id. at 112-113.

Petitioners' assertion that respondent should pursue their tax return preparer is misplaced.  As previously observed, petitioners' tax return was not signed by a tax return preparer. In any event, although Congress has provided the Commissioner with remedies that may be enforced against dishonest tax return preparers, see secs. 6694, 6695, 7407, there is no provision in law that would relieve petitioners of their personal liability for the tax deficiency that respondent determined in this case.[4]

Finally, petitioners' argument that the period of limitations bars assessment is simply incorrect.  Section 6501(a) provides that Federal income taxes generally must be assessed within 3 years after a tax return is filed.  Section 6501(b)(1) provides that a tax return that is filed early, i.e., before the last day prescribed by law for filing such return, shall be

---

[4]  Of course, a taxpayer may assert that he or she reasonably relied on a tax return preparer as a defense to certain additions to tax and/or penalties.  However, respondent did not determine that petitioners are liable for any addition to tax or penalty in this case.

considered filed on the last day. Thus, although petitioners filed their tax return for 2000 in February 2001, the return is deemed to have been filed on Monday, April 16, 2001. See sec. 7503. It follows that the notice of deficiency dated March 24, 2004, upon which this case is based, was issued within the applicable 3-year period of limitations.

Consistent with the preceding discussion, we shall grant respondent's Motion For Summary Judgment.

To reflect the foregoing,

<u>An Order and Decision will</u>
<u>be entered granting respondent's</u>
<u>Motion For Summary Judgment</u>.